UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2015 OCT -6 PM 4: 11

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

WESLEY I. PURKEY,              )
                               )
        Plaintiff,             )      **2:15**-cv-**0310** JMS -WGH
                               )
v.                             )      Case No.: _____
                               )
CHARLES A. DANIELS, Warden,    )
United States Penitentiary, Terre Haute, )
Indiana (USP-TH),              )
                               )
        Defendant.             )

**PETITION FOR INJUCTIVE RELIEF PURSUANT TO THE COURT'S
ORIGINAL JURISDICTION OVER CONSTITUTIONAL CLAIMS
(28 U.S.C. § 1331)**

Plaintiff Wesley I. Purkey, pro se, hereby complains and alleges the

following:

**INTRODUCTION**

1. Wesley I. Purkey ("Purkey") is a prisoner at the United States

Penitentiary in Terre Haute, Indiana ("USP-TH").

2. Defendant Charles A. Daniels, is an employee of the Federal Bureau of

Prisons ("BOP"), a federal law enforcement agency subdivision of the United

States Department of Justice responsible for the administration of federal prisons,

including USP-TH. As Warden, he is the final authority on all matters within

USP-TH.

3. In February of 2009, the BOP implemented electronic messaging for

inmates through the Trust Fund Limited Inmate Computer System (TRULINCS)

1

program.  *See generally* BOP Program Statement P5265.13, p. 1 (Feb. 19, 2009), attached hereto as Exhibit D1.  Objectives of the TRULINCS messaging are: (1) to provide inmates with an alternative means of written communication with the public; (2) to provide the BOP with a more efficient, cost-effective, and secure method of managing and monitoring inmate communication services; and (3) to reduce the opportunities for illegal drugs or contraband to be introduced into BOP facilities through inmate mail.  *Id.*  Inmates participating in TRULINCS do not have access to the Internet.  *Id.*

4.  Use of TRULINCS is considered a privilege and the Warden of a BOP institution is authorized to limit or deny the privilege to a particular inmate. Inmates are excluded from electronic messaging when it is determined that the inmate's use of TRULINCS messaging would "threaten the safety, security, or orderly running of the institution or the protection of the public and staff." *Id.* at 3.  Specific rules apply to sex offenders, and inmates with a personal history of using the Internet to solicit minors for sexual activity or to possess or distribute child pornography are excluded from TRULINCS participation.  *Id.*

Significantly, if an inmate's personal history does not involve use of the Internet to commit a sex offense, the existence of a Public Safety Factor – Sex Offender does not automatically exclude an inmate from TRULINCS participation.  *Id.*  The policy reads:

> For example, inmates with a personal history of, or prior conduct or conviction for, soliciting minors for sexual activity, or

possession/distribution of child pornography *through the Internet or other means*, are excluded from program participation based on their history. Likewise, an inmate with a personal history or special skills or knowledge of using computers/email/Internet or other communication methods as a conduit for committing illegal activities will be excluded.

The existence of a Public Safety Factor – Sex Offender indicates the inmate should be reviewed for underlying conduct that would exclude him/her from TRULINCS program participation. However, inmates generally classified with a Public Safety Factor – Sex Offender, are not automatically excluded from participation, as their personal history may not have involved the specific examples cited above.

*Id.* (emphasis added). Mr. Purkey's underlying offense, interstate kidnapping resulting in death, did not involve use of a computer, the Internet or email, but the Warden has nevertheless excluded Mr. Purkey from the TRULINCS email program, based on this policy statement, due to the nature Mr. Purkey's underlying offense. *See generally infra.* pp. 7 – 11 *and* Judgment in a Criminal Case, attached hereto as Exhibit D2.

5. On January 29, 2013, the Warden approved the Institutional Supplement regarding the TRULINCS inmate communication system. *See* Institutional Supplement, THX-5265.13, "Trust Fund Limited Inmate Communication

3

System," (January 29, 2013), attached hereto as Exhibit D3. The Institutional Supplement sets the specific rules for using the TRULINCS email communication system within the institution. *Id.* The Institutional Supplement clearly prohibits the automatic exclusion of an inmate from TRULINCS participation based on the existence of a Public Safety Factor (PSF). *Id.* at 5. The Institutional Supplement indicates that inmate participation "must be determined on an individual basis and not on a standardized history of past convictions." *Id.* Rather, each case "should be reviewed for underlying conduct that would prohibit them from having TRULINCS access, such as protection of the public and/or staff, threat to security, or interferes with the safe, orderly operation of the institution." *Id.*

6. Mr. Purkey contends that the Warden has improperly and arbitrarily automatically excluded him from TRULINCS participation based on the existence of a Public Safety Factor –Sex Offender in violation of his equal protection rights.

7. Mr. Purkey exhausted all available administrative remedies pursuant to 42 U.S.C. § 1997e.

8. Mr. Purkey seeks injunctive and declaratory relief requiring Defendant to comply with the BOP TRULINCS policy in a non-arbitrary manner and in compliance with Mr. Purkey's equal protection rights by allowing him access to the TRULINCS email program.

9. Mr. Purkey's claim arises from Defendant's ongoing actions in denying him access to the TRULINCS messaging program. Consequently, he reserves the right to amend this Petition as new developments arise.

4

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that Mr. Purkey asserts a cause of action, and seeks equitable relief, for the violation of his equal protection and due process rights under the Fifth Amendment to the United States Constitution. *See Bolden v. Federal Bureau of Prisons*, 2015 WL 74080 (S.D. Ind. Jan. 6, 2015)(No. 2:14-CV-103-WTL-MJD at DCD 63)(finding the district court has original jurisdiction pursuant to 28 U.S.C. § 1331 to entertain an Eighth Amendment violation claim seeking equitable relief). Mr. Purkey asserts that he is not required to assert his claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), because this Court has original jurisdiction under 28 U.S.C. § 1331 to resolve the constitutional issue raised in this Petition. *See Bolden* at 2-3.

11. Mr. Purkey brings his claim for declaratory relief pursuant to 28 U.S.C. § 2201, in that an actual controversy exists between Mr. Purkey and Defendant concerning whether Defendant's decision to exclude Mr. Purkey from the TRULINCS email system violates Mr. Purkey's right to equal protection, as guaranteed by the Fifth Amendment through the due process clause, because other similarly situation SCU inmates have been granted permission to use the TRULINCS email system. Mr. Purkey contends the Warden violated his equal protection rights when he made the decision to exclude Mr. Purkey from

5

participation in the TRULINCS messaging program for reasons not excluding other similarly situated SCU inmates.

12. The Southern District of Indiana is the proper venue for this action because all of the actions giving rise to Mr. Purkey's claim occurred in the Southern District of Indiana. *See* 28 U.S.C. § 1391(b).

## PARTIES

13. Plaintiff Wesley I. Purkey is a sixty-three year-old prisoner, housed at USP-TH following his conviction and sentence in the Western District of Missouri in Kansas City, Missouri. On November 5, 2003, a jury sitting in the Western District of Missouri returned a verdict finding Purkey guilty of violating 18 U.S.C. § 1201, the crime of interstate kidnapping resulting in death. On November 19, 2003, the jury returned a special verdict form recommending a sentence of death. On January 23, 2004, the Honorable Judge Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, sentenced Purkey to death. Since that time, Purkey has been housed at the USP-TH in the Special Confinement Unit ("SCU"), otherwise known as Death Row.

14. Defendant Charles A. Daniels is the Warden at USP-TH. His duties as Warden include deciding who among the inmates housed at USP-TH have the privilege of using the TRULINCS messaging system.

6

## FACTUAL ALLEGATIONS

**I. The Warden arbitrarily excluded Mr. Purkey from the TRULINCS email program, as demonstrated by the wide variety of explanations given for his exclusion over the past five years.**

15. Mr. Purkey's underlying offense of conviction, interstate kidnapping resulting in death, did not involve use of the Internet or email. Further, Mr. Purkey has no history of using computers, the Internet or email to commit crimes.

16. Without Mr. Purkey's knowledge, TRULINCS Trust Fund staff officially excluded him from participating in the TRULINCS email program on August 11, 2010. Although Mr. Purkey generally knew he was restricted from the email program, he did not know the reason for his exclusion. Mr. Purkey did not find out about this official exclusion until December 4, 2014, when he was notified that "based on information in SENTRY regarding your conviction, you have a Walsh Act restriction (dated back to 08/11/10)." *See* Inmate Message Dated December 4, 2014, attached hereto as Exhibit D4.

17. Prior to December 4, 2014, Mr. Purkey sought an explanation for his exclusion from the email program, but was never told of the automatic exclusion applied on August 11, 2010. For example, on January 24, 2012, Mr. Purkey sent Unit Manager Stephens a letter requesting an explanation for why he no longer qualified for participation in the TRULINCS email program. *See* Purkey Letter to Stephens Dated January 24, 2012, attached hereto as Exhibit D5. Mr. Stephens replied that he had "no knowledge of any email restrictions or orders to prohibit

your electronic messaging." *Id.* (handwritten response). Mr. Purkey complained again to Mr. Stephens writing that "all of my Emails have been removed and the system will not allow access to listing emails." *See* Purkey "Cop Out" Letter to Stephens, attached hereto as Exhibit D6. Mr. Stephens replied, writing that the issue needed to be addressed by the Trust Fund staff, and promising to "forward your complaint to the appropriate department." *Id.* (handwritten response). On January 27, 2012, trust fund staff responded writing:

> Your account is flagged with a restriction. Your unit team can review your central file and upon approval from them only, can your account be updated.

*Id.* (handwritten response of Ms. Havens, Trust Fund Staff).

18. Further, on February 6, 2012, Counsel Edwards advised Mr. Purkey that the Trust Fund Department flagged his email account with a Walsh Act restriction, but that his unit team could review his central file and recommend a change to the flagged status if warranted. *See* BP-8 *and* Edwards response, attached hereto as Exhibit D7.

19. On July 5, 2013, Mr. Purkey requested reinstatement of his email access by sending Unit Manager Bayless an inmate message concerning the matter. *See* Inmate Message Dated July 5, 2013, attached hereto as Exhibit D8. In his message, Mr. Purkey asked for TRULINCS email reinstatement noting that other inmates with convictions similar to his were allowed access to the TRULINCS email system. *Id.* On August 2, 2013, Unit Manager Bayless, in a

8

one sentence reply, wrote "[y]our case was reviewed and determined that you would continue to be precluded from TRULINCS use." *Id.* Mr. Purkey pressed for the specific reason for his exclusion under "applicable BOP policy." *Id.* Unit Manager Bayless, without mentioning the automatic exclusion applied on August 11, 2010, replied by writing "[y]ou were precluded due to your instant offense conduct and its relation to solicitation of a minor." *Id.*

20. On August 24, 2013, Mr. Purkey sent an inmate message to the legal department asking for clarification of how his offense related to the solicitation of a minor, citing BOP Policy Statement 5365.13 which prohibits exclusion from the TRULINCS email program based on a "general categorization of previous conduct." *See* Inmate Message Dated August 24, 2013, as Exhibit D9. On November 25, 2013, Mr. Purkey wrote the legal department again asking for clarification of the email restriction. *See* Inmate Message to R. Schalburg, Supervising Attorney, attached hereto as Exhibit D10. He wrote:

> Both SCU Unit Manager Bayless and Warden Caraway have prohibited my e/mail usage based supposedly on my charge and conviction, whereas I have requested to be provided with the specific charge and conviction relied on in suspending my e/mail usage by these administrative officials and have yet to be provided such requisite information for such total ban placed on my e/mail usage by them. Please provide me with the specific charge and conviction

9

relied on by these administrative officials in justifying the total ban on my email usage.

*Id.* The next day, BOP Attorney Siereveld responded to Mr. Purkey's message, writing that based on his "instant offense," he is excluded from participation in the TRULINCS program. *Id.* Mr. Purkey then asked for clarification of the specific offense and Attorney Siereveld replied that the excluding offense is kidnapping resulting in death, Mr. Purkey's offense of conviction. *Id.*

21. On January 15, 2014, Mr. Purkey's attorneys wrote a letter to Unit Manager Bayless requesting the reinstatement of Mr. Purkey's access to the TRULINCS email system, citing the compelling policy reasons for allowing email access. *See* Letter to Unit Manager Bayless Dated January 15, 2014, attached hereto as Exhibit D11. In the letter, Mr. Purkey's attorneys noted that the TRULINCS email system is heavily monitored and controlled by the BOP in such a way that only people approved by the BOP can receive an inmate's email and the email correspondence is monitored and retained by BOP staff. *Id.* at 2. Mr. Purkey's attorneys emphasized that his offense of conviction was not solicitation of a minor, but kidnapping resulting in death, an offense not warranting automatic exclusion under BOP policy. *Id.* Most importantly, Mr. Purkey's attorneys emphasized that allowing email access would allow Mr. Purkey to communicate more easily with his daughter, a situation which would further the BOP's penological interests according to its own policy statements. *Id.* In response, Unit Manager Bayless reiterated her previous position, writing:

10

Program Statement 5265.13, Trust Fund Limited Inmate Computer System (TRULINCS) – Electronic Messaging, states, "The existence of a Public Safety Factor – Sex Offender indicates the inmate should be reviewed for underlying conduct that would exclude him/her from TRULINCS program participation." Additionally, "For example, inmates with a personal history of, or prior offense conduct or conviction for, soliciting minors for sexual activity." A review of his personal history, offense conduct and convictions was completed. Based on this review, he was precluded from participation based upon offense conduct."

*See* Bayless Letter Dated January 24, 2014, attached hereto as Exhibit D12.

22. Even after Mr. Purkey learned of the automatic exclusion placed on his TRULINCS email account by Trust Fund Staff in August of 2011, he pressed for an explanation of the varied reasons given for his exclusion. On December 29, 2014, Mr. Purkey sent an inmate message to Ms. Huebner asking for clarification of the Walsh Act designation. *See* Inmate Message Dated December 29, 2014, attached hereto as Exhibit D13. In the message, Mr. Purkey questioned the explanation that he was denied TRULINCS access due to a Walsh Act restriction, noting that nothing in his judgment of conviction noted such a designation and that the was not restricted from TRULINCS email access for a period of time shortly after the implementation of TRULINCS. *Id.* In response, Ms. Huebner wrote that "[t]hese assignments are determined by the courts and assigned to you in Sentry

11

upon entering the BOP . . . Walsh assignments pull from Sentry directly into TRULINCS, restricting your access." *Id.* Ms. Huebner also directed Mr. Purkey to address further questions regarding the issue to Unit Team staff. *Id.*

23. On March 11, 2015, Mr. Purkey addressed the issue again with his Unit Team. *See* Inmate Message Dated March 11, 2015, attached hereto as Exhibit D14. In his message, Mr. Purkey asked for clarification about how the Walsh Act assignment was made. *Id.* The Unit Team replied, writing:

> A review of your request reveals Program Statement 5265.13, Trust Fund Limited Inmate Computer System (TRULINCS) Electronic Messaging, states, "An inmate's exclusion from participation must be based on his/her individual history of behavior that could jeopardize the legitimate penal interest." A review of your personal history, prior offense conduct and conviction was completed. Based on your offense of conviction, you have been precluded from TRULINCS program participation.

*Id.* In following inmate messages, Mr. Purkey expressed frustration with the Unit Team's response and asked again for clarification regarding how the Walsh Act assignment was made. *See* Inmate Messages Dated March 17, 2015, attached hereto as Exhibit D15.

24. On March 12, 2015, Mr. Purkey sent an inmate message to Warden Daniels asking for clarification of the Walsh Act assignment. *See* Inmate Message

Dated March 12, 2015, attached hereto as Exhibit D16. On April 2, 2015, Warden

Daniels replied, writing:

> A review of your request reveals you want to be informed as to if a
>
> "Walsh Assignment" is listed in an inmate's journal entry. The
>
> Bureau of Prisons does not maintain journal entries specific to
>
> inmates. However, we do maintain documentation regarding inmate
>
> criminal history and prison adjustment, to include Inmate Skills
>
> Development Plans and Inmate Profile. Your Inmate Skills
>
> Development Plan does not specifically address the Walsh Act.
>
> However, it does note your criminal history which entails a sex
>
> offense conviction. Your Inmate Profile has been noted regarding
>
> your categorization of the Adam Walsh Act.

*Id.*

25. On May 8, 2015, Inmate Purkey replied to Warden Daniels, asking him

to "reconsider your initial finding based on the applicable BOP Policy

promulgation and the facts germane to such." *See* Inmate Message Dated May 8,

2015, attached hereto as Exhibit D17. On May 27, 2015, Warden Daniels replied

that "[s]taff, utilizing sound correctional judgment in accordance with PS 4500.11,

Trust Fund/Deposit Fund Manual, have determined you are not appropriate for use

of the TRULINCS electronic messaging program due to your criminal history and

institutional adjustment." *Id.*

13

**II. Warden Daniels excluded Mr. Purkey from participation in the TRULINCS email program for reasons not excluding other similarly situated SCU inmates.**

26. Mr. Purkey's underlying offense of conviction is interstate kidnapping resulting in death, a violation of 18 U.S.C. § 1201. Mr. Purkey believes that by excluding him from TRULINCS email program participation based on this offense, the Warden is treating him differently from other SCU inmates convicted of the same statutory offense, but who are nevertheless allowed to participate in the TRULINCS email program. These inmates include Chadrick Fulks and Brandon Basham, both convicted in the District of South Carolina of the offense of interstate kidnapping resulting in death, a violation of 18 U.S.C. § 1201, and Orlando Hall and Bruce Webster, both convicted in the Northern District of Texas of the offense of interstate kidnapping resulting in death, also a violation of 18 U.S.C. § 1201. *See* District of South Carolina Case No. 02-CR-00992-JFA and Northern District of Texas Case No. 94-CR-00121.

**VIOLATION OF EQUAL PROTECTION UNDER FIFTH AMENDMENT**

27. Even though the Fifth Amendment contains no equal protection clause, as does the Fourteenth Amendment, the Fifth Amendment's due process clause prohibits the federal government from engaging in unjustifiable discrimination. *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 (1975)(citing *Schneider v. Rusk*, 377

14

U.S. 163, 168 (1964) and *Boiling v. Sharpe*, 347 U.S. 497, 499 (1954)). The governing legal standards under either the Fourteenth Amendment equal protection clause or the Fifth Amendment's equal protection component are the same. *Schweiker v. Wilson*, 450 U.S. 221, 226 n.6 (1981).

28. Warden Daniels committed a "class of one" equal protection violation under the Fifth Amendment by intentionally excluding Mr. Purkey from the TRULINCS email program for reasons not excluding other similarly situated SCU inmates. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)(writing "our cases have recognized successful equal protection claims brought by a "class of one," where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment").

29. Warden Daniels purposefully and intentionally excluded Mr. Purkey from the TRULINCS email programs based upon the nature of his underlying conviction, interstate kidnapping resulting in death, even though four other SCU inmates convicted of the same offense nevertheless have access to the TRULINCS email system. Defendant's decision to exclude Mr. Purkey has no rational basis because the concerns raised by the nature of Mr. Purkey's conviction are sufficiently controlled by the safeguards built into the TRULINCS email program, safeguards sufficient enough to allow other SCU inmates with the same conviction to participate in the email program. *See Village of Willowbrook* at 565 (specific allegations of "class of one" discrimination including a specific claim that there is

15

no rational basis for the discrimination are sufficient to state a claim of relief under traditional equal protection analysis) *and* Inmate Agreement for Participating in TRULINCS Electronic Messaging Program, attached hereto at Exhibit D17.

### PRAYER FOR RELIEF

30. Mr. Purkey respectfully requests that this Court grant the following equitable relief:

31. A declaration that Defendant's intentional acts as set forth above violated the Fifth Amendment of the United States Constitution in that Mr. Purkey's equal protection rights were violated by Defendant.

32. An order directing Defendant to allow Mr. Purkey access to the TRULINCS email system.

33. Any other relief as this Court deems just and proper.

Respectfully Submitted,

Wesley I. Purkey, # 14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

Dated: Sept. 25, 2015

## CERTIFICATE OF SERVICE

This is to certify that I have served a copy of the foregoing Petition on the defendant/respondent by a mailing a true and correct copy of the same via first class postage to:

Josh Minkler
US Attorney, Southern District of Indiana
United States Attorney's Office
10 W Market Street, Suite 2100
Indianapolis, IN 46204
(314) 226-6333
**Counsel for Defendant**

Charles A. Daniels, Warden
United States Penitentiary
USP-Terre Haute
4700 Bureau Road South
Terre Haute, IN 47802
(812) 244-4400
**Defendant**

on this 25 day of September 2015.

_____
Wesley I. Purkey